UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TATIANA MURIEL BOWLBY,

                    Plaintiff,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                    Defendant.

CASE NO. C17-5694 BHS

ORDER REVERSING AND
REMANDING

## I.      BASIC DATA

Type of Benefits Sought:

    ( X ) Disability Insurance

    ( X ) Supplemental Security Income

Plaintiff's:

    Sex: Female

    Age: 28 on the alleged onset date

Principal Disabilities Alleged by Plaintiff: Right shoulder/arm pain; ADHD; degenerative
disc disease, depression.

Disability Allegedly Began: April 21, 2010

Principal Previous Work Experience: Cleaner housekeeper, retail sales clerk

Education Level Achieved by Plaintiff: GED

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ:

    Date of Hearing: May 16, 2016

    Date of Decision: August 17, 2016

    Appears in Record at: ER 20–37

    Summary of Decision:

    The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

    The claimant has not engaged in substantial gainful activity since April 21, 2010, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

    The claimant has the following severe impairments: Remote history of compartmental syndrome (right arm) status post-multiple surgeries; degenerative disc disease; peripheral neuropathy; hypothyroidism; hypertension; headaches; obesity; depression; anxiety; and attention deficit hyperactivity disorder (20 CFR 404.1520(c) and 416.920(c)).

    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

    After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following additional limitations: The claimant can never climb ladders, ropes or scaffolds, or work at unprotected heights or in proximity to hazards. She can frequently handle and finger with the dominant right hand. She can frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl. In order to meet ordinary and reasonable employer expectations regarding attendance, production and work place behavior, the claimant can understand, remember and carry out unskilled, routine and repetitive work that can be learned by demonstration, and in which tasks to be performed are predetermined by the employer. She can cope with occasional work setting change and occasional interaction with supervisors. She can work in proximity to coworkers, but not in a team or cooperative effort. She can perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded.

The claimant is capable of performing past relevant work as a Cleaner Housekeeper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

The claimant has not been under a disability, as defined in the Social Security Act, from April 21, 2010, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

Before Appeals Council:

Date of Decision: July 26, 2017

Appears in Record at: ER 1–3.

Summary of Decision: Declined review

## III.     PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by ( X ) Plaintiff   ( X ) Commissioner

## IV.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  *Id.*

## V.     EVALUATING DISABILITY

The claimant, Tatiana Bowlby ("Bowlby"), bears the burden of proving she is disabled within the meaning of the Social Security Act ("Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  At step five, the burden shifts to the Commissioner.  *Id.*

# VI.     ISSUES ON APPEAL

A. Whether the ALJ provided "clear and convincing" reasons for rejecting the uncontradicted opinion of consultative examining physician, Mark Heilbrunn, MD;

B. Whether the ALJ provided "clear and convincing" reasons for rejecting the uncontradicted opinion of reviewing, state contracted physician, Robert Hoskins, MD;

C. Whether the ALJ provided "specific and legitimate" reasons for rejecting the opinion of consultative examining psychologist, Yun-Ju Cheng, PhD;

D. Whether a reversal for an award of benefits is the proper remedy.

# VII.     DISCUSSION

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a physician's opinion is contradicted, the opinion can be rejected only "for specific and legitimate" reasons that are supported by substantial evidence in the record. *Id*. at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

## A.     Physical Limitations

On October 27, 2014, Bowlby presented for a physical examination by Dr. Heilbrunn. ER 18F. In relevant part, Dr. Heilbrunn concluded that Bowlby "has a lifting/carrying capacity of 0–10 pounds with either hand on an occasional basis." *Id*. at 6. The ALJ gave little weight to Dr. Heilbrunn's evaluation. ER 32. The ALJ provided as follows:

[T]he medical record as a whole does not show that the claimant has demonstrated physical limitations to the extent observed by Dr. Heilbrunn on this one examination. Clinical findings, treatment history, and complaints to treating medical providers are not consistent with the limitations opined by the consultative examiner, and are rather more consistent with the residual functional capacity within this decision. His assessment is also not consistent with the claimant's reported activities of daily living, as described above.

ER 32.

Bowlby argues that the ALJ improperly rejected Dr. Heilbrunn's opinion on the occasional lifting limitation. The Court agrees because the reasons are not specific and legitimate and are not supported by substantial evidence in the record. Regarding the former, the ALJ's reasons are conclusory because the ALJ generally referenced medical evidence in the record and functional limitations stated in the opinion. No specific inconsistency is cited and, therefore, the Court is unable to evaluate whether the given reasons are legitimate. Similarly, the ALJ generally cites medical evidence in the record to support her rejection of Dr. Heilbrunn's limitation. ER 32 (citing Exs. 6F/26; 10F/15, 26; 27F/22–26). The Court has reviewed this evidence and is unable to locate any substantial evidence to support the opinion. Although there is some evidence of right shoulder problems, without further explanation, this evidence does not sufficiently show that Bowlby does not have an occasional lifting limitation. In fact, one report states that Bowlby "thinks she overworked her right forearm and now has soreness and weakness in grip. Pain is going up the shoulder now." ER 575. Under these circumstances, the ALJ failed to provide substantial and legitimate reasons supported by substantial evidence in the record.

Turning to the Government's brief, the Court is not persuaded that the ALJ properly evaluated the evidence. The Government fails to cite any specific and legitimate reason that is supported by substantial evidence. The Government also relies on the post-hoc rationale that it is "common knowledge" caring for a one-year-old constantly requires picking the child up and putting the child down. Dkt. 10 at 4. The Court disagrees that such allegedly common knowledge can overcome the identified errors in the ALJ's decision. Therefore, the Court concludes that the ALJ improperly rejected Dr. Heilbrunn's occasional lifting limitation.

Bowlby also objects to the ALJ's rejection of Dr. Hoskin's opinion as to the occasional lifting limitation. Dr. Hoskin was a non-examining reviewing physician, and the Government concedes that his opinion "was apparently based on the properly rejected opinion of Dr. Heilbrunn . . . ." Dkt. 10. To the extent that the burden for rejecting an examining physician is higher than that for rejecting a non-examining physician, this alleged error seems to rise or fall with the ALJ rejection of Dr. Heilbrunn's opinion. Thus, the Court need not address this alleged error at this time.

**B.     Mental Limitations**

Bowlby argues that the ALJ failed to account for or properly reject the opinion of consulting psychologist Dr. Cheng. The Court agrees. In fact, the ALJ states that Dr. Cheng "noted the claimant has difficulty maintaining attention and concentration . . . ." ER 33. This limitation, however, does not appear in the ALJ's mental limitations. Although the Government provides some post-hoc rationale for this mistake, the Court finds that the ALJ committed error in failing to properly address this mental limitation.

## C.    Harmless Error

An error is harmless if it is "'inconsequential to the ultimate nondisability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

In this case, the Government argues that any ALJ error was harmless. Dkt. 10 at 4–5. The ALJ noted that Bowlby told a health care provider that "if she did not have [a] criminal charge, she could work as a daycare provider, work that would accommodate her children." ER 31. The Government contends that this is a reason that prevents Bowlby from work that is unrelated to her disabilities. Dkt. 10 at 5. Determining whether Bowlby can work as a daycare provider is entirely within the province of the ALJ, and the Government has cited no authority for the proposition that Bowlby's conclusory admission overcomes any error in evaluating her disabilities. Therefore, the Court rejects the Government's argument on this point.

Regarding whether the ALJ's errors were harmless, the Court finds that they were not. The vocational expert did not provide an evaluation of Bowlby's ability to obtain work in the national economy based on a proper assessments of her limitations. Therefore, the ALJ's errors were consequential to the ultimate determination of disability.

## D.    Remedy

Bowlby requests that the Court remand for an immediate award of benefits. Dkt. 9 at 13. The Court finds that further administrative proceedings are necessary to determine whether Bowlby is disabled. Bowlby has failed to show that the occasional lifting

limitation could not ultimately be rejected if the proper procedures are followed.

Similarly, Bowlby has failed to show that, even with this limitation, there are no jobs in

the national economy that she would be able to perform.  Therefore, the Court remands

the matter for further administrative proceedings.

## VIII.    ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision

denying Bowlby disability benefits is **REVERSED AND REMANDED**.

Dated this 12th day of March, 2018.

_____
BENJAMIN H. SETTLE
United States District Judge